| | | | |
|---|---|---|---|
| | AUSA: Garett Koger | Telephone: | (313) 226-9710 |
| AO 91 (Rev. 11/11) Criminal Complaint | Task Force Officer: Jalen Williams | Telephone: | (313) 234-4000 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.

Derrick MASON

Case No.  2:26-mj-30073
Judge: Unassigned,
Filed: 02-11-2026 At 11:52 AM
CMP USA V. MASON (DA)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 10, 2026__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) | Possession with intent to distribute more than 500 grams of cocaine |

This criminal complaint is based on these facts:
See affidavit

☑ Continued on the attached sheet.

_Jalen Williams_
Complainant's signature

Special Agent Jalen Williams
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: February 11, 2026

_Elizabeth A. Stafford_
*Judge's signature*

City and state: Detroit, MI

Elizabeth A. Stafford, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jalen Williams, Task Force Officer with the Drug Enforcement Administration ("DEA"), being duly sworn, hereby depose and state the following:

1. I am a Task Force Officer ("TFO") from the Detroit Police Department and attached to the Drug Enforcement Administration ("DEA") assigned to the Detroit Field Division, Division Office. As such, I am a federal law enforcement officer within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(c), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for federal criminal offenses and make requests for warrants. I have been so empowered since July 2023. I have received specialized training in narcotics identification, interview and interrogation, narcotics trafficking, undercover operations and surveillance. I have received training on the handling of confidential sources, drug conspiracy investigations, surveillance, evidence handling, type of drugs, affidavit writing, United States Code, Title 21 laws, and various other areas in drug investigations. I am currently employed as officer with the City of Detroit Police Department and have held this position since August 1, 2016. I am working in conjunction with other federal, state and local police agencies investigating illegal trafficking of controlled substances and the collection and trafficking of related drug proceeds throughout the United States of America and abroad

2.      I make this affidavit from personal knowledge based on the following: my participation in this investigation, including witnessing interviews by myself and/or other law enforcement officers, communications with others who have personal knowledge of the events and circumstances described herein, and information gathered through my training and experience. The information outlined below is for the limited purpose of obtaining a criminal complaint and an arrest warrant. I have not set forth every fact I have learned in this investigation.

3.      As explained below, there is probable cause to believe that Derrick MASON, DOB: xx/xx/1965, has violated 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(ii) by possessing with intent to distribute more than 500 grams of cocaine

4.      Law enforcement has been investigating MASON for drug trafficking since at least 2023. MASON has several prior convictions for drug possession and other offenses, including a 2015 State of Michigan conviction for drug distribution. Detroit Police have seized fentanyl and cocaine from MASON, his associates, and his properties at least four times prior to yesterday. More recently, DEA has focused on a residential property at XX537 Van Dyke Avenue in Detroit, Michigan. Since at least October 2025, investigators have observed multiple individuals arrive there, meet with MASON, and leave shortly thereafter. I know from training and experience with other investigations that this can be an indicator of drug trafficking, referred to as "short stays." Investigators have regularly seen MASON

at XX537 Van Dyke throughout the investigation, and location data obtained through a search warrant for MASON's phone showed that he frequently stayed there overnight.

5.  DEA has used sources of information and confidential sources to make three controlled purchases from MASON in late 2025 and early 2026 at XX537 Van Dyke. During these transactions, MASON sold fentanyl and/or cocaine to the undercover operatives in exchange for cash. The substances sold by MASON have been confirmed as fentanyl and cocaine using TruNARC and, in one instance, DEA laboratory analysis.

6.  On February 10, 2026, DEA Detroit Homeland Security Task Force agents and officers executed a series of search warrants on properties controlled by or associated with MASON, including XX537 Van Dyke. MASON was using a key to enter the premises when agents executed the search warrant. Inside, agents found cocaine that had been packaged for distribution into small plastic baggies and small pill containers. Agents also found a blender, a kilo press, and a box with empty pill containers. One of MASON's family members was in the residence and had been packaging the cocaine before MASON arrived. There was suspected cocaine on the floor from a plate, apparently used as part of the packaging process, that had been knocked or thrown to the ground, likely when officers announced their entry. There was another plate with cocaine and small packages near the

couch. Agents and officers also found more than 500 grams of suspected cocaine in a backpack in a storage room next to the front door. The substances field-tested positive for cocaine. Agents also recovered five phones from MASON and his property.

7. Based on my training and experience, the amount of cocaine found in MASON's residence is inconsistent with personal use. The processing and packaging materials found there are also consistent with drug distribution.

## Conclusion

8. Based on the above, there is probable cause to believe that on February 10, 2026, in the Eastern District of Michigan, Derrick Wardell MASON (DOB: xx/xx/1965) violated 21 U.S.C. § 841(a)(1) & (b)(1)(B)(ii) by possessing with intent to distribute more than 500 grams or more of cocaine.

Respectfully submitted,

*Jalen Williams*

Jalen Williams
DEA Task Force Officer

Sworn to before me and signed in my presence and/or by reliable electronic means.

_____
Hon. Elizabeth A. Stafford
United States Magistrate Judge